IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT
URBANA DIVISION

PRECIOUS C. WOODLAND, )
)
Plaintiff, )
)
vs. ) Case No. 08-2088 FILED
)
DECATUR MEMORIAL HOSPITAL and )
DR. ROY TSUDA, M.D., )
) APR 1 0 2008
)
Defendant. )

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF**
**JURY DEMAND**

NOW COMES the Plaintiff, by her attorney, Susan O'Neal Brosam, and complains of the Defendants and seeks the following relief.

1. Plaintiff resides in Decatur, Macon County, Illinois

2. The Defendants both have their primary places of business in Decatur, Macon County, Illinois.

3. A federal question exists, as this action is being brought, in part, pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12131-12165, and Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794.

Count I

Defendant, Dr. Roy Tsuda, M.D., violated the Americans with Disabilities Act of 1990 in that on April 16, 2006 he performed a surgical procedure, i.e., a primary C-section with low transverse uterine incision, on the Plaintiff, who is a protected person under the Act and whom he knew to be deaf, without the assistance of a qualified American Sign Language interpreter present to interpret the explanation he and his staff

gave to her and give to all patients prior to such a procedure, along with the risks of the procedure, in order for the Plaintiff to feel comfortable with the procedure and in order for her to provide an informed consent to the procedure.

## Count II

Defendant, Decatur Memorial Hospital, violated the Americans with Disabilities Act of 1990 in that on April 16, 2006 they allowed to be performed a surgical procedure, i.e., a primary C-section with low transverse uterine incision, on the Plaintiff, who is a protected person under the Act and whom hospital staff knew to be deaf, without the assistance of a qualified American Sign Language interpreter present to interpret the explanation of the procedure the co-defendant physician and hospital staff gave to the Plaintiff and give to all patients, prior to such a procedure, along with the risks of the procedure, in order for the Plaintiff to feel comfortable with the procedure and provide an informed consent to the procedure.

## Count III

Defendant, Decatur Memorial Hospital, violated Section 504 of the Rehabilitation Act of 1973 in that the Defendant receives federal funds and on April 16, 2006 they permitted a surgical procedure, i.e., a primary C-section with low transverse uterine incision, to be performed on the Plaintiff, a protected person under the Act, whom hospital staff knew to be deaf, without the assistance of a qualified American Sign Language interpreter present to interpret the explanation of the procedure the co-defendant physician and hospital staff gave to the Plaintiff and give to all patients, prior to such a procedure, along with the risks of the procedure, so that Plaintiff could understand and feel comfortable with the procedure and to provide an informed consent to the procedure.

## Count IV

Defendant, Decatur Memorial Hospital, committed intentional infliction of emotional distress upon the Plaintiff, who was a patient at their hospital and whom they

knew to be deaf, in that after she gave birth to twin girls by C-section on April 16, 2006 at approximately 7:52 p.m., Plaintiff was not permitted to see her babies by hospital staff until approximately 2:20 p.m. the next day, causing her extreme distress and anxiety for the welfare of her newborn babies, due to the Defendant's staff not permitting her to see her babies for such a long time after their birth and due to the Defendant not providing a qualified American Sign Language interpreter so she could perhaps be told and understand the condition of her babies and the reason for the delay in seeing them.

### Count V

Defendant, Dr. Roy Tsuda, M.D., violated the Americans with Disabilities Act of 1990 in that on December 5, 2007 the Defendant performed an invasive procedure, i.e., a suction D & C, on the Plaintiff, who is a protected person under the Act and whom the Defendant knew to be deaf, without a qualified American Sign Language interpreter present, prior to taking a signed consent to the procedure from the Plaintiff, so that the interpreter could interpret the explanation that was surely given to her by the Defendant and hospital staff, so that the Plaintiff could fully understand the procedure and its risks, and provide an informed consent to the procedure.

### Count VI

Defendant, Decatur Memorial Hospital, violated the Americans with Disabilities Act of 1990 in that on December 5, 2007 the Defendant allowed to be performed an invasive procedure, i.e., a suction D & C, on the Plaintiff, who is a protected person under the Act and whom the Defendant's staff knew to be deaf, without a qualified American Sign Language interpreter present, prior to taking a signed consent to the procedure from the Plaintiff, so that the interpreter could interpret the explanation that was surely given to her by the co-defendant physician and hospital staff, so that the Plaintiff could fully understand the procedure and its risks, and provide an informed consent to the procedure.

Count VII

Defendant, Decatur Memorial Hospital, violated Section 504 of the Rehabilitation Act of 1973 in that on December 5, 2007 the Defendant, who receives federal funds, allowed to be performed an invasive procedure, i.e., a suction D & C, on the Plaintiff, who is a protected person under the Act and whom the Defendant's staff knew to be deaf, without a qualified American Sign Language interpreter present, prior to taking a signed consent to the procedure from the Plaintiff, so that the interpreter could interpret the explanation that was surely given to her by the co-defendant physician and hospital staff, so that the Plaintiff could fully understand the procedure and its risks, and provide an informed consent to the procedure.

Count VIII

Defendant, Decatur Memorial Hospital, violated the Americans with Disabilities Act of 1990 in that on November 30, 2007 the Plaintiff, a protected person under the Act whom hospital staff knew to be deaf, was treated in the emergency department of Defendant's hospital, without a qualified American Sign Language interpreter present to interpret the explanations and instructions give by hospital staff to her, such as, but not limited to the importance of returning within 48 hours for re-evaluation, something the Plaintiff did not do.

Count IX

Defendant, Decatur Memorial Hospital, who receives federal funds, violated Sec. 504 of the Rehabilitation Act of 1973 in that on November 30, 2007 the Plaintiff, a protected person under the Act whom hospital staff knew to be deaf, was treated in the emergency department of Defendant's hospital, without a qualified American Sign Language interpreter present to interpret the explanations and instructions give by hospital staff to her, such as, but not limited to the importance of returning within 48 hours for re-evaluation, which is something the Plaintiff did not do.

### Count X

Defendant, Decatur Memorial Hospital, violated the Americans with Disabilities Act of 1990 in that on August 27, 2007 the Plaintiff, who is a protected person under the Act and whom the hospital staff knew to be deaf, was treated in the emergency department of the Defendant's hospital without a qualified American Sign Language interpreter present to interpret any explanation or instructions given by hospital staff to the Plaintiff of the procedure performed, the narcotics that were prescribed, and the aftercare required.

### Count XI

Defendant, Decatur Memorial Hospital, violated Section 504 of the Rehabilitation Act of 1973 in that they receive federal funds and on August 27, 2007 the Plaintiff, who is a protected person under the Act and whom the hospital staff knew to be deaf, was treated in the emergency department of the Defendant's hospital without a qualified American Sign Language interpreter present to interpret any explanation or instructions given by hospital staff to the Plaintiff of the procedure performed, the narcotics that were prescribed, and the aftercare required.

THEREFORE, for the reasons stated above, the Plaintiff seeks the following relief:

A. A finding in favor of the Plaintiff and against the Defendants on all counts set forth above;

B. Awarding the Plaintiff the sum of $50,000 in compensatory damages to be paid to her by the Defendant, Dr. Roy Tsuda, M.D.;

C. Awarding the Plaintiff the sum of $225,000 in compensatory damages to be paid to her by the Defendant, Decatur Memorial Hospital;

D. An award of punitive damages in the amount of $500,000.00 against the Defendant, Decatur Memorial Hospital, to be paid to the Plaintiff for the intentional infliction of emotional distress;

E. Ordering the Defendants to devise a plan where qualified American Sign Language interpreters can be summoned by them, at their cost, to interpret for deaf patients at their facilities, said plan to be approved by the Court; and

F. Plaintiff's attorney's fees and costs to be paid by the Defendants, prorated between the Defendants as to percentage owed, as determined by the Court.

Respectfully submitted,

*/s/ Susan Brosam*

Susan O'Neal Brosam
Attorney for the Plaintiff

Susan O'Neal Brosam
Attorney at Law
P.O. Box 2258
Decatur, Illinois 62524-2258
Phone: (217) 877-0200
Fax: (217) 877-0204
E-mail: sbrosam@sbcglobal.net

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Woodland, Precious C.

**(b)** County of Residence of First Listed Plaintiff  Macon
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Susan Brosam, Attorney at Law
P.O. Box 2258, Decatur, IL 62524 (217) 877-0200

## DEFENDANTS
Decatur Memorial Hospital and Tsuda, Roy

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
08-2088

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☒ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 12131-12165, 29 USC Sec. 794
Brief description of cause:
Violation of ADA + Rehabilitation Act + Infliction of Emotional Distress

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 815,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

**FILED**

DATE 4-9-08
SIGNATURE OF ATTORNEY OF RECORD  Susan Brosam

APR 10 2008

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS