E-FILED
Tuesday, 13 April, 2010 11:28:33 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

PRECIOUS C. WOODLAND, )
)
Plaintiff, )
)
vs. ) No. 08 cv 2088
)
DECATUR MEMORIAL HOSPITAL, an Illinois )
not for profit corporation, )
and ROY TSUDA, M. D., )
)
Defendants. )

---

**MOTION TO MODIFY OR AMEND JUDGMENT**

---

**NOW COMES** the Defendant, Decatur Memorial Hospital, an Illinois not for profit corporation, by Kehart, Peckert & Booth, its attorneys, and, for its Motion to Modify or Amend Judgment, filed herein pursuant to Fed. R. Civ. P. 59, states as follows:

1. The Plaintiff, Precious C. Woodland ("Woodland"), commenced the above-referenced litigation on April 10, 2008 by filing a multi-count complaint (d/e 1) with the United States District Court for the Central District Court (the "District Court"), which complaint was directed against the Defendants, Decatur Memorial Hospital, an Illinois not for profit corporation (the "Hospital"), and Roy Tsuda, M.D. ("Dr. Tsuda").[1]

2. Ultimately, Woodland filed the Second Amended Complaint (d/e 36) on April 27, 2009, which consisted of four (4) counts directed against the Hospital: Count I seeking relief under

---

[1] Dr. Tsuda appeared before the District Court on June 12, 2008, when an answer was filed on his behalf (d/e 7). Dr. Tsuda thereafter participated in the present litigation until he and Woodland filed a stipulation for dismissal (d/e 74) on November 25, 2009.

the *Americans with Disabilities Act of 1990,* as amended, 42 U.S.C. §§ 12101, *et seq.*; Count II seeking relief under the *Rehabilitation Act of 1973,* as amended, 29 U.S.C. §§ 701, *et seq.*; Count III seeking to advance a claim for intentional infliction of emotional distress under Illinois common law; and Count IV seeking to advance a claim for negligent infliction of emotional distress under Illinois common law.[2]

3. To the Second Amended Complaint, the Hospital filed its Answer (d/e 79), wherein the Hospital denied the substantive allegations set forth by Woodland in her Second amended Complaint.

4. On January 25, 2010, the Hospital filed with the District Court four (4) motions for partial summary judgment (d/e 81-85), together with appendices (d/e 85-86) (the "Hospital's Summary Judgment Motions"), to which Woodland's responded on March 12, 2010 by filing her responses to the Hospital's Summary Judgment Motions (d/e 113-115) and supporting appendices (d/e 116-118).

5. While the Hospital's Summary Judgment Motions were under consideration by the District Court, Woodland and the Hospital reached a settlement of the underlying dispute(s) and informed the District Court of said settlement.

6. On April 8, 2010, the District Court, following a telephonic conference with legal counsel for the parties, entered a docket order dismissing the above-captioned litigation, vacating

---

2 After the Hospital sought relief under Fed. R. Civ. P. 56 in reference to Count IV of the Second Amended Complaint, Woodland requested dismissal of said count (initially) by her Motion to Dismiss Her Claim for Negligent Infliction of Emotional Distress (d/e 108) and (ultimately) her Motion to Dismiss With Prejudice Count IV of the Second Amended Complaint (d/e 110), to which the Hospital stated its lack of objection to the latter of these Woodland pleadings (d/e 111), and which motion was granted by the District Court.

the trial date and allowing either party to re-open the litigation if settlement is not consummated within thirty-five (35) days thereafter. Finally, the District Court's docket entry reads that "[a]s a condition of this dismissal, the court retains jurisdiction of this case to enforce compliance with the settlement contract. [*See Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)]" (hereinafter referred to as the "Subject Language").[3]

7. The Hospital is unaware of any entry of judgment by the Clerk of the District Court as of the date hereof.

8. Rule 59 of the Federal Rules of Civil Procedure, reads in relevant part as follows:

> (e) **Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.

9. The Hospital did not request the inclusion of the Subject Language in the aforementioned text order, and the Hospital is unaware of any such request by Woodland.

10. Though the Federal Rules of Civil Procedure make no explicit reference to motions for reconsideration, such motions are generally treated as motions advanced under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b), depending upon whether filed within ten (10) days of the entry of the subject judgment or order. *See generally, Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296, fn. 3 (10th Cir. 2002); *Bass v. United States Department of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000).

---

3 The text order includes a reference to the citation of *Kokkonen,* which citation is altered herein to conform to later citations as to form.

11. The settlement agreement between Woodland and the Hospital has not been tendered to, or filed with, the District Court.

12. The settlement agreement between Woodland and the Hospital includes confidentiality provisions rendering inappropriate the filing of the settlement agreement with the District Court.

13. Woodland and the Hospital have discussed enforcement of the settlement agreement (if any such enforcement later becomes necessary), and said parties understand that such enforcement generally is to be sought from a court of the State of Illinois rather than the District Court.

14. As set forth in the accompanying Memorandum of Law, retention of jurisdiction for purposes of enforcement of a settlement agreement is generally disfavored by the United States Court of Appeals for the Seventh Circuit and is improper in the present circumstances.[4]

15. The present motion is filed with the District Court within ten (10) days of the judgment or order sought to be amended or modified.

16. The Subject Language was not the subject of any prior argument by Woodland or the Hospital, and the Hospital lacked any notice of the inclusion of the Subject Language until entry of the docket order on April 8, 2010. Thus, the Hospital lacked any prior opportunity to object to, or oppose, the inclusion of the Subject Language.

**WHEREFORE,** the Defendant, Decatur Memorial Hospital, an Illinois not for profit corporation, prays that the United States District Court for the Central District of Illinois amend or modify the test order of April 8, 2010, by deleting therefrom the Subject Language, and that the

---

[4] The Hospital has no objection to the District Court's grant of permission to reopen the litigation within thirty-five (35) days if settlement is not consummated.

United States District Court for the Central District of Illinois award such other and further relief as deemed just and proper.

Dated: April 13, 2010

Decatur Memorial Hospital, an Illinois not for profit corporation, Defendant,

BY: /s/ James E. Peckert
Of Kehart, Peckert & Booth
Its Attorneys

Michael J. Kehart, Esquire
James E. Peckert, Esquire
William D. Trimble, Esquire
Katherine H. Opsincs, Esquire
Kehart, Peckert & Booth
132 South Water Street, Suite 200
Post Office Box 860
Decatur, Illinois 62525-0860
Telephone: (217) 428-4689
Facsimile: (217) 422-7950

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Motion to Modify or Amend Judgment was filed on the 13th day of April 2010 through the ECF system with the United States District Court for the Central District of Illinois for delivery to registered participants for the litigation in which said document has been filed

/s/ James E. Peckert

Michael J. Kehart, Esquire
James E. Peckert, Esquire
William D. Trimble, Esquire
Katherine H. Opsincs, Esquire
Kehart, Peckert & Booth
132 South Water Street, Suite 200
Post Office Box 860
Decatur, Illinois 62525-0860
Telephone: (217) 428-4689
Facsimile: (217) 422-7950